

FOLEY & LARDNER LLP

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/5/2023

January 4, 2023

**VIA ECF**

Hon. Analisa Torres
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

Re: *Lantz v. Liebenberg, et al.*, 1:22-cv-04855

Dear Judge Torres,

On behalf of Defendants, we respectfully move for a stay of discovery pending the scheduled mediation before the Honorable Judge Barbara Moses and resolution of the pending motions to dismiss before the Court. Defendants submitted a draft of this letter in substantially its present form to opposing counsel on December 27 and has received comments reflected below after exchanging several drafts between counsel. Counsel for Mr. Lantz advised us this week that Plaintiff agrees a stay is appropriate under the current circumstances. Moreover, the parties have agreed to an exchange of certain discovery materials informally in aid of mediation.

The Court, by order dated November 22, 2022, set a discovery schedule in this matter making March 15, 2023 the end date for fact discovery. ECF No. 47.

Subsequent to that order, Magistrate Judge Moses, by order dated December 19, 2022, set a mediation date of February 9, 2023. ECF No. 66. Arguing that resources of the Court and counsel should be preserved pending a possible settlement, Plaintiff moved, and the Court ordered, that Plaintiff's briefing in opposition to the two motions to dismiss and Mr. Moskin's Rule 11 Motion be deferred until after the mediation. ECF No. 67.

Based on these subsequent events, Defendants submit that, reciprocally, their resources propounding and responding to discovery should also be conserved through a stay of discovery at least through the mediation.

Alternately, assuming the mediation is not successful, good cause exists to stay discovery until resolution of their pending motion to dismiss for lack of personal jurisdiction. ECF No. 54. As this Court has noted, although a stay is not automatic, "[g]ood cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." *Boelter v. Hearst Commc'ns, Inc.*, 2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016) (quoting *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D.

AUSTIN BOSTON CHICAGO DALLAS DENVER DETROIT HOUSTON JACKSONVILLE LOS ANGELES MADISON MEXICO CITY MIAMI MILWAUKEE NEW YORK ORLANDO SACRAMENTO SALT LAKE CITY SAN DIEGO SAN FRANCISCO SILICON VALLEY TALLAHASSEE TAMPA WASHINGTON, D.C. BRUSSELS TOKYO

4861-0987-5270.7

367, 368 (S.D.N.Y. 2002)). In granting the motion to stay, the Court further explained in *Boelter*, based on a preliminary review of defendants' motions (and without prejudging those motions):

> [R]eview of the arguments presented in its support suggest that none are frivolous and, because succeeding on each argument alone may warrant dismissal of Plaintiff s entire complaint, ordering discovery to proceed at this time would result in an excessive burden on Defendant. *See Gaudier v. Nazarov*, No. 94 Civ. 2272, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994) (holding that stay of discovery should be granted where a motion to dismiss "is potentially dispositive, and appears to be not unfounded in the law"); *Hong Leong Fin. Ltd*., 297 F.R.D. at 75 (staying discovery to avoid creating "a significant burden on defendants in the face of a seemingly strong motion to dismiss").

*Id.*; *see also Ruilova v. 443 Lexington Ave, Inc.*, 2020 WL 8920699, at *1 (S.D.N.Y. Mar. 20, 2020) (granting motion to stay pending resolution of personal jurisdiction issue).[1]

The parties have conferred and agree that Mr. Liebenberg and Ms. Sirois reside outside of the United States. Defendants do not believe that Plaintiff has alleged sufficient facts to establish sufficient connections with New York to confer jurisdiction over the foreign Defendants. As demonstrated in the Memorandum of Law in Support of Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, ECF No. 55, Defendants contend that even after having had an opportunity to amend his pleading, Plaintiff has failed to plead facts to establish personal jurisdiction against Liebenberg and Sirois. Plaintiff disputes this contention.[2]

Defendants contend that general discovery is not appropriate until the Court determines whether it even has jurisdiction over the foreign defendants. Indeed, effectively forcing Liebenberg and Sirois to submit to legal process without first establishing whether the Court has jurisdiction over them raises significant due process concerns and "offend[s] 'traditional notions of fair play and substantial justice.'" *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980) (internal

[1] More generally, courts will evaluate the propriety of a stay pending any Rule 12 motion considering: "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Hong Leong Finance Ltd. (Singapore) v. Pinnacle Performance Ltd*., 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (internal citations omitted). In evaluating the strength of the motion, "courts will evaluate whether the motion to dismiss has "substantial grounds" or "[does] not appear to be without foundation in law." *In re Term Commodities Cotton Futures Litig*., 2013 WL 1907738, at *5 (S.D.N.Y. May 8, 2013). At this juncture, Mr. Lantz has not even attempted to respond to the motions, much less suggest he has a good faith opposition or that he would be prejudiced in any way from a stay.

[2] Because the Court extended the briefing deadline, Plaintiff has yet to file any opposition to the pending motion to dismiss and has not sought jurisdictional discovery. Indeed, although Defendants served initial disclosures and a first set of discovery requests on December 30, as per the Court's discovery schedule, Plaintiff has yet to serve either his initial disclosures or any initial discovery requests whatsoever.



citation omitted). It is undisputed that Liebenberg and Sirois reside roughly 8,000 miles from here, are not citizens of the United States, let alone New York.

Moreover, the Scheduling Order set by Magistrate Judge Katharine H. Parker in the pending action *Laba v. JBO Worldwide Supply Ptd Ltd*, 1:20-cv-03443-AKH (KHP), in which Mr. Lantz raises what Defendants contend are the same allegations and same factual issues for discovery as those asserted here against the Liebenbergs, creates a potential conflict with the current discovery schedule in this action. Plaintiff disputes the claims are the same as Plaintiff is only seeking an accounting in the other action in which the claim against Mr. Lantz was added by Defendants ***after*** the commencement of this action by Mr. Lantz. Magistrate Judge Parker set the following schedule in the *Laba* case: "[t]he deadline for fact discovery is August 31, 2023. ... The deadline for expert discovery is November 30, 2023." *Laba v. JBO Worldwide Supply Ptd Ltd*, 1:20-cv-03443-AKH (KHP), ECF No. 334. Magistrate Judge Parker has also set a Settlement Conference between the parties for February 8, 2023, one day before Magistrate Judge Moses's scheduled Settlement Conference. As a result, the third-party defendants may well resist discovery sought in this case citing Judge Parker's contrary schedule in the prior action.

The differing scheduling orders for potentially overlapping claims presents practical problems. Indeed, if Mr. Lantz's claims are not dismissed, the Liebenbergs' defense of the claims in this action will entail gathering evidence from the same third-party defendants in the action before Judge Hellerstein, most of whom are not in this country. If discovery here must be completed before the motions are decided and before Defendants can complete discovery abroad, Defendants may be denied an opportunity to mount a full defense.

Under the current schedule in this case, all such discovery would have to occur before Defendants have even answered the First Amended Complaint (which answer might well include counterclaims). Alternately, if the Court were to grant Defendants' motions to dismiss, needless costs will have been incurred in the meantime.

For the foregoing reasons, Defendants respectfully request a stay of discovery pending the scheduled mediation before the Honorable Judge Barbara Moses and resolution of the pending motions to dismiss before the Court.

I appreciate Your Honor's attention to this matter.

DENIED.

SO ORDERED.

Dated: January 5, 2023
New York, New York

ANALISA TORRES
United States District Judge