USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/1/23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PERICLES LANTZ,

        Plaintiff,

-against-

CAROLINE LIEBENBERG, et al.,

        Defendants.

22-CV-04855 (AT) (BCM)

**ORDER REGARDING GENERAL
PRETRIAL MANAGEMENT
AND SCHEDULING DISCOVERY
CONFERENCE**

**BARBARA MOSES, United States Magistrate Judge.**

The above-referenced action has been referred to Magistrate Judge Barbara Moses for general pretrial management, including scheduling, discovery, non-dispositive pretrial motions, and settlement, pursuant to 28 U.S.C. § 636(b)(1)(A). All pretrial motions and applications, including those related to scheduling and discovery (but excluding motions to dismiss or for judgment on the pleadings, for injunctive relief, for summary judgment, or for class certification under Fed. R. Civ. P. 23) must be made to Judge Moses and in compliance with this Court's Individual Practices in Civil Cases, available on the Court's website at https://nysd.uscourts.gov/hon-barbara-moses.

The parties' pending discovery dispute (Dkt. 78) is now before Judge Moses. A discovery conference will be held on **March 8, 2023, at 11:00 a.m.**, in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse. It is this Court's practice to decide discovery disputes at the Rule 37.2 conference, based on the parties' letters, unless a party requests or the Court requires more formal briefing.

The parties are also cautioned:

1.      Any future discovery applications, including letter-motions requesting discovery conferences, must be made promptly after the need for such an application arises and must comply with Local Civil Rule 37.2 and § 2(b) of Judge Moses's Individual Practices. Absent extraordinary

circumstances, discovery applications made later than 30 days prior to the close of discovery may be denied as untimely.

2.      For motions other than discovery motions, pre-motion conferences are not required, but may be requested where counsel believe that an informal conference with the Court may obviate the need for a motion or narrow the issues.

3.      Requests to adjourn a court conference or other court proceeding (including a telephonic court conference), or to extend a deadline, must be made in writing and in compliance with § 2(a) of Judge Moses's Individual Practices. Telephone requests for adjournments or extensions will not be entertained.

4.      In accordance with § 1(d) of Judge Moses's Individual Practices, letters and letter-motions are limited to four pages, exclusive of attachments. Courtesy copies of letters and letter-motions filed via ECF are required only if the filing contains voluminous attachments. Courtesy copies should be delivered promptly, should bear the ECF header generated at the time of electronic filing, and should include tabs for the attachments.

5.      Pursuant to Fed. R. Civ. P. 30(b)(3) and (b)(4), all depositions in this action may be taken via telephone, videoconference, or other remote means, and may be recorded by any reliable audio or audiovisual means. This Order does not dispense with the requirements set forth in Fed. R. Civ. P. 30(b)(5), including the requirement that, unless the parties stipulate otherwise, the deposition be "conducted before an officer appointed or designated under Rule 28," and that the deponent be placed under oath by that officer. For avoidance of doubt, a deposition will be deemed to have been conducted "before" an officer so long as that officer attends the deposition via the same remote means (*e.g.*, telephone conference call or video conference) used to connect

2

all other remote participants, and so long as all participants (including the officer) can clearly hear

and be heard by all other participants.

Dated: New York, New York          **SO ORDERED.**
      March 1, 2023

**BARBARA MOSES**
**United States Magistrate Judge**